# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-576V
Filed: February 4, 2013

```
*************************************
ERIK STEVEN PEDERSEN,               *        NOT TO BE PUBLISHED
                                    *
              Petitioner,           *        Special Master Zane
                                    *
        v.                          *        Stipulation; measles-mumps-rubella
                                    *        ("MMR") and meningococcal vaccines;
SECRETARY OF HEALTH                 *         Guillain-Barre Syndrome ("GBS")
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
*************************************
```

*John Howard Rogers*, John H. Rogers, Attorney at Law, Salt Lake City, UT, for Petitioner
*Chrysovalantis Kefalas*, United States Dep't of Justice, Washington, DC, for Respondent

## UNPUBLISHED DECISION[1]

On February 4, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a consequence of her receipt of the measles-mumps-rubella ("MMR") and meningococcal vaccines, which are vaccines contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which he received on or about September 2, 2008. Petitioner alleges that he experienced the residual effects of this injury for more than six months. Petitioner also represents that there have been no prior awards or settlement of a civil action for these damages. Petitioner seeks compensation related to his injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

---

[1] The special master intends to post this decision on the website of the United States Court of Federal Claims in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available.

Respondent denies that the MMR or the meningococcal vaccines caused Petitioner's GBS or any other injury and denies that Petitioner's current disabilities are sequelae of his alleged vaccine-related injury. Nonetheless, the parties have agreed informally to resolve this matter. Stipulation, Appendix A hereto.

The undersigned hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, Petitioner is awarded:

> **a lump sum of $100,000.00, in the form of a check payable to Petitioner**. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

ERIK STEVEN PEDERSEN, )
)
Petitioner, )
v. ) No. 11-576V
) Special Master
SECRETARY OF HEALTH ) Daria Zane
AND HUMAN SERVICES, )
)
Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On September 8, 2011, Erik Steven Pedersen ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34, as amended (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to his receipt of multiple vaccines, including: measles-mumps-rubella ("MMR") vaccine and meningococcal vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).[1]

2. Petitioner received the MMR vaccine and meningococcal vaccine on September 3, 2008.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), that was caused-

_____

[1] The petition also seeks compensation for alleged injuries related to petitioner's September 3, 2008 receipt of a "pneumoccocal vaccine." While the pneumoccocal conjugate vaccine is covered under the Vaccine Program, it is usually administered only to children age five or younger. Therefore, it is likely petitioner received the pneumococcal polysaccharide vaccine, which is not covered under the Program.

in-fact by receipt of one or more of the vaccines he received on September 3, 2008. Petitioner further alleges that he suffered residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that petitioner's claimed injury was caused by any of the vaccines he received on September 3, 2008, and denies that petitioner's current disabilities are sequelae of his alleged injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $100,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to

-2-

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the vaccines administered to him on September 3, 2008, including: MMR vaccine, Hep A vaccine, Hep B vaccine, meningococcal vaccine, and

-3-

pneumoccocal vaccine, as alleged in a petition for vaccine compensation filed on or about September 8, 2011, in the United States Court of Federal Claims as petition No. 11-576V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines administered to him on September 3, 2008, caused petitioner's injury, or that his current disabilities are sequelae of his alleged vaccine injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

-4-

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_____
ERIK STEVEN PEDERSEN

ATTORNEY OF RECORD FOR
PETITIONER:

_____
JON H. ROGERS
825 North 300 West
Suite N144
Salt Lake City, Utah 84103
Tel: (801) 532-6272

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

_____
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Room 11C-26
Rockville, MD 20857

Dated: _February 4, 2013_

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
CHRYSOVALANTIS P. KEFALAS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9197

-6-